**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**HENRY SCOTT,**

                                        **Petitioner,**

            **v.**                                          **9:11-CV-0702**
                                                            **(MAD)**

**H. GRAHAM, Superintendent,**

                                        **Respondent.**

---

**APPEARANCES:**                        **OF COUNSEL:**

**HENRY SCOTT**
**07-B-1166**
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021
Petitioner, *pro se*

**HON. ERIC T. SCHNEIDERMAN**            **PAUL B. LYONS, AAG**
New York State Attorney General
120 Broadway
New York, New York 10271
Attorneys for Respondent

**MAE A. D'AGOSTINO, United States District Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

On March 9, 2007, Petitioner *pro se* Henry Scott was found guilty by an Onondaga County jury of various sexual crimes. The county court subsequently found that Petitioner's convictions on those crimes constituted a violation of the terms of his probation.

Currently before the Court is Petitioner's habeas corpus petition, brought pursuant to 28 U.S.C. § 2254, in which he asserts that his convictions were the product of various constitutional violations.

For the reasons that follow, Petitioner's habeas corpus petition is denied and dismissed.

## II. BACKGROUND

**A.    State Court Proceedings**

Late in the evening of September 16, 2006, or in the early morning hours of September 17, 2006, Petitioner brought a minor, M.P. and her friend, K.T., into his apartment. *See* Transcript of Trial of Henry Scott (3/7/07) ("Trial Tr.") at 207-10. After providing the two with alcohol and marijuana, Petitioner brought M.P. into his bedroom and had sexual intercourse with her. *Id.* at 211-16. As a result of that and other conduct in which Petitioner was alleged to have engaged, an Onondaga County grand jury indicted Petitioner for predatory sexual assault against a child, first degree rape, sexual abuse in the second degree, sexual abuse in the third degree, criminal sale of marijuana in the fifth degree, unlawfully dealing with a child in the first degree, and endangering the welfare of a child. *See* Indictment (4/19/06) (provided under seal at State Court Records ("SCR"), Exh. A at A10-12).

On March 7, 2007, Petitioner's trial on the indictment commenced before an Onondaga County jury, over which County Court Judge William D. Walsh presided. *See* Trial Tr. At the conclusion of that trial, the jury found Petitioner guilty of all counts. *Id.* at 498-500. Petitioner was thereafter sentenced to an indeterminate term of twenty one years to life imprisonment on the predatory sexual assault against a child conviction, a concurrent determinate term of twenty-four years and six-months imprisonment on the first-degree rape conviction, and "time served" on the remaining convictions. *See* Tr. of Sentencing of Henry Scott (4/3/07) ("Sentencing Tr.") at 9.

The record further reflects that, after the above charges were brought against Petitioner, he was also charged in Onondaga County Court with violating a probationary sentence that had been imposed on him as a result of a prior conviction. *See* Tr. of Delinquency Hearing (3/19/07) ("Delinquency Tr.")

2

at 2-3.  At that proceeding, the trial court noted that it had initially dismissed a probation violation charge brought against Petitioner.  *Id.* at 3.  However, a probation violation charge was re-filed against Petitioner after his felony conviction discussed above, *id.*, and the court thereafter found Petitioner guilty of violating the terms of his probation.  *Id.*  Petitioner was then sentenced on his probation violation to an indeterminate term of two to six years imprisonment, with such sentence to be served consecutive to the sentences imposed on him following his convictions in the jury trial on the indictment referenced above.  *See* Sentencing Tr. at 9.

In his direct appeal of his conviction, appellate counsel argued that Petitioner's convictions should be set aside for the following reasons: (1) the imposed sentence was harsh and excessive; (2) the verdict was against the weight of the evidence; and (3) the second count in the indictment was a "concurrent inclusory count of count one" of that accusatory instrument.  *See* Appellate Brief on Appeal ("App. Br.") (SCR, Exh. B), Points One through Three.  In his *pro se* appellate brief, Petitioner challenged the weight of the evidence adduced at trial and also argued that the prosecutor engaged in misconduct by using false and misleading evidence at trial that was obtained, among other things, pursuant to an illegal search.  *See* Pro Se Appellate Brief ("PSAB") (SCR, Exh. C).

In ruling on that appeal, the New York State Supreme Court, Appellate Division, Fourth Department modified the judgment of conviction by dismissing Petitioner's conviction for rape in the first degree, but otherwise affirmed the conviction.  *See People v. Scott*, 61 A.D.3d 1348 (4th Dep't 2009), *leave denied* 12 N.Y.3d 920 (2009).  The Appellate Division also denied Petitioner's challenge to the county court's finding that he had violated the terms of his probation.  *See  id. at* 1350.

On July 9, 2009, Petitioner filed a *pro se* application seeking a writ of *error coram nobis* with the Appellate Division in which he argued that his appellate counsel rendered ineffective assistance ("*Coram Nobis* Application") (SCR, Exh. O).  The Onondaga County District Attorney ("District

3

Attorney") opposed that petition, *id.* at Exh. P, and on October 2, 2009, the Appellate Division denied

that application. *Id.* at Exh. R. Petitioner did not seek leave to appeal that decision from New York's

Court of Appeals.

On May 4, 2010, Petitioner filed a motion with the county court pursuant to New York

Criminal Procedure Law ("CPL") Section 440.10 ("CPL Motion") (SCR, Exh. V). In that application,

Petitioner argued that his trial counsel rendered ineffective assistance because, among other things, he:

(1) failed to claim that the search warrant was defective; (2) did not contend that no "true bill"

indictment was ever filed; (3) failed to object to the seven-month period of time that elapsed between

the date Petitioner served a request for documents on the District Attorney and the date a response to

his request was received; and (4) did not move for a mistrial when Petitioner was removed from the

courtroom during the course of his trial. *Id.* That application was opposed by the District Attorney,

*see* SCR, Exh. W, and on September 1, 2010, the county court issued a Decision/Order denying

Petitioner's CPL motion in its entirety ("September, 2010 Order") (SCR, Exh. Y).


**B.    This Action**

Petitioner commenced this action on June 23, 2011 by filing a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1 ("Pet."). In that pleading, Petitioner argues that (1)

his conviction was obtained by the use of evidence secured pursuant to an unconstitutional search and

seizure; (2) the prosecution failed to disclose favorable evidence and tried Petitioner on an indictment

that was defective; (3) the determination that Petitioner violated the terms of his probation was

obtained in violation of his constitutional right against double jeopardy; and (4) he received the

ineffective assistance of trial counsel. *See id.*, Grounds One through Four. Petitioner also attached an

affidavit and a supporting memorandum of law to his petition. *See* Attachments to Pet.

Respondent, who is represented in this action by the New York State Attorney General, has filed a response in opposition to the petition. *See* Dkt. No. 13. Respondent has also filed a memorandum of law in which he argues that the petition must be denied and dismissed. *See* Dkt. No. 12. On November 15, 2011, Petitioner filed a traverse in further support of his petition. *See* Dkt. No. 16.

## III. DISCUSSION

### A.    Unexhausted Claims

Respondent argues that several of the claims asserted by Petitioner are subject to dismissal because he failed to exhaust those claims. *See* Dkt. No. 12 at 19-24. Therefore, a brief review of the exhaustion doctrine applicable to federal habeas corpus petitions is appropriate.

#### *1. Exhaustion Doctrine*

A federal district court may not grant the habeas petition of a state prisoner "'unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State.'" *Richardson v. Sup't of Mid-Orange Correctional Facility*, 621 F.3d 196, 201 (2d Cir. 2010) (quoting 28 U.S.C. § 2254(b)(1)(A)), *cert. denied sub nom. Richardson v. Inserra*, ___ U.S. ___, 131 S. Ct. 1019 (2011). This is because "[s]tate courts, like federal courts, are obliged to enforce federal law."|*Smith v. Duncan*, 411 F.3d 340, 347 (2d Cir. 2005) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)). As the Supreme Court noted in *O'Sullivan*, "'[c]omity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review th[e] claim and provide any necessary relief.'" *Id.* (quotation and other

citations omitted).

Respondent initially asserts that the *Brady* claim[1] Petitioner raised in his second ground for relief, as well as his remaining claims in that ground which argue that the indictment returned by the grand jury was defective for a variety of reasons, are unexhausted. *See* Dkt. No. 12 at 20-21, 23. Respondent also contends that Petitioner has not exhausted his third ground, in which he argues that the county court's determination that he had violated the terms of his probation constituted a violation of his double jeopardy rights. *Id.* at 21. Finally, Respondent asserts that Petitioner never argued in the state courts his claims in his fourth ground which contend that his trial counsel wrongfully failed to (1) argue that too much time elapsed between the time the victim claimed she was attacked and the time physical evidence of such attack was placed in the "rape kit;" and (2) claim that Petitioner had been improperly charged with predatory sexual assault because the initial police report did not contain any such allegation. *Id.*[2]

A Petitioner exhausts his state remedies in the federal habeas context by "(i) present[ing] the federal constitutional claim asserted in the petition to the highest state court (after preserving it as required by state law in lower courts); and (ii) inform[ing] that court (and lower courts) about both the factual and legal bases for the federal claim." *Ramirez v. Attorney Gen.,* 280 F.3d 87, 94 (2d Cir. 2001) (citations omitted); *see also Aller v. Lape*, No. 09-CV-1192, 2011 WL 1827443, *3 (E.D.N.Y. May 12, 2011) (citations omitted).

_____

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

[2] The initial police report was generated in the related criminal matter on September 18, 2006 and bears the case number 06-394174. SCR at A55-61, A65-70. That report indicates that additional information relating to the case was to be filed in a subsequent police report created on September 19, 2006 that bears the case number 06-393799. *See* SCR at A61; *see also* SCR at A31-54 (copy of second police report).

A petitioner fairly presents the federal nature of his claims to the state courts by

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

*Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011) (citation omitted). *See also Clark v. Bradt,* No. 10-CV-0964, 2012 WL 28275, *4 (W.D.N.Y. Jan. 5, 2012) (citation omitted).

Although difficult to discern, it appears as though the *Brady* claim raised in Petitioner's second ground for relief is based upon his argument that when the prosecution presented its case to the grand jury, no deoxyribonucleic acid ("DNA") evidence obtained during the investigation that was presented implicated Petitioner. *See* Pet., Ground Two. Petitioner claims that such exculpatory evidence "wasn't admitted . . . at trial." *Id.* Liberally construed, it is possible that Petitioner now claims that this exculpatory evidence was not made available to defense counsel at trial. However, Petitioner has not established that such a *Brady* claim was ever asserted in the state courts,[3] and such a claim does not appear to this Court to have been asserted in counsel's appellate brief, Petitioner's *pro se* appellate brief, his *coram nobis* application, or his CPL motion. This aspect of his second ground for relief is, therefore, unexhausted.

In the remaining portion of his second ground for relief, Petitioner appears to contend that the indictment was defective because the grand jury minutes were not "certified" and because that accusatory instrument claimed that the incident occurred on September 16, 2006, despite the fact that the police report purportedly indicates that the attack occurred on September 17, 2006. *See* Pet.,

---

[3] Habeas corpus petitioners bear the burden of demonstrating that they have exhausted available state remedies. *See Bessaha v. Rock*, No. 09-CV-3581, 2012 WL 1458195, *10 (E.D.N.Y. Apr. 27, 2012) (citations omitted).

Ground Two.  However, neither counsel's appellate brief, nor Petitioner's *pro se* appellate brief, argued that the indictment returned against him was defective.  *See* App. Br.; PSAB.  Nor was any argument challenging the propriety of the indictment asserted in either Petitioner's *coram nobis* application or his CPL motion independent of Petitioner's claims challenging the effectiveness of his appellate and trial counsel.  *See Coram Nobis* Application; CPL Motion.  Therefore, the remaining claims in Petitioner's second ground for relief are also unexhausted.

In Petitioner's third ground, he challenges, on double jeopardy grounds, the propriety of the county court's finding that he violated the terms of his probation, and the sentence imposed on him as a result of that determination.  *See* Pet., Ground Three.  Appellate counsel, however, did not argue in his brief that Petitioner's double jeopardy rights were violated in light of the county court's determination that Petitioner had violated the terms of his probation.  *See* App. Br.[4]  Nor did Petitioner assert a double jeopardy claim in his *pro se* appellate brief or CPL Motion.  *See* PSAB; CPL Motion.  Further, Petitioner's claim challenging the county court's determination that Petitioner had violated the terms of his probation , which  was asserted in his *coram nobis* application, was raised in the context of his ineffective assistance of appellate counsel claim, and not as a separate claim challenging that action of

---

[4]  In the "Statement of Facts" portion of appellate counsel's brief, counsel noted that at the March 19, 2007 delinquency hearing, Petitioner's counsel had lodged an objection "on the grounds of double jeopardy."  App. Br. at 10.  However, appellate counsel did not include a similar claim in any of the points counsel argued in support of Petitioner's appeal.  *See id*., Points One through Three.  Counsel, therefore, did not fairly present any double jeopardy claim in his brief to the Appellate Division.  Even if this Court were to liberally construe counsel's appellate brief as asserting a double jeopardy claim, the Court notes that no such claim was asserted in counsel's application seeking leave to appeal to the New York's Court of Appeals.  *See* SCR, Exh. G.  To satisfy the exhaustion requirement, a petitioner must have articulated the federal nature of his claims in his application seeking leave to appeal filed with the New York Court of Appeals.  *See Galdamez v. Keane*, 394 F.3d 68, 74-75 (2d Cir. 2005); *Jamison v. Bradt*, No. 09-CV-0747, 2011 WL 2728394, *4 (W.D.N.Y. July 12, 2011).  Therefore, even liberally construing counsel's appellate brief as asserting a double jeopardy claim, this ground is nevertheless unexhausted because counsel failed to seek leave to appeal as to that claim to the New York's Court of Appeals.

the county court. *See Coram Nobis* Application at (unnumbered) 8. Petitioner's third ground for relief is therefore unexhausted.[5]

In his fourth and final ground, Petitioner argues that he received the ineffective assistance of trial counsel. *See* Pet., Ground Four. Although Petitioner raised an ineffective assistance claim in his CPL Motion, *see* CPL Motion at 9-14, that application did not include Petitioner's current assertions that his counsel rendered ineffective assistance by failing to object to (1) the use at trial of evidence contained in the "rape kit" based upon a violation of an alleged "36-hour rule" or (2) the fact that the initial police report did not allege that Petitioner had committed a predatory sexual assault. *See* CPL Motion. These theories are therefore unexhausted.

When claims have not been fully exhausted by a habeas petitioner, a federal court may find that there is an absence of available state remedies when "it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile." *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001); *Robinson v. Sup't, Green Haven Correctional Facility*, No. 09-CV-1904, 2012 WL 123263, *4 (E.D.N.Y. Jan. 17, 2012) (citation omitted). Therefore, this Court must determine whether it would be futile for Petitioner to present the above-mentioned claims to the state courts in federal terms.

Petitioner cannot now file a second appeal with the Appellate Division in which he argues the federal nature of the above claims because a criminal defendant is "entitled to one (and only one) appeal to the Appellate Division." *Aparicio*, 269 F.3d at 91; *Allison v. Khahaifa,* No. 10-CV-3453,

---

[5] Moreover, Petitioner's failure to seek leave to appeal the denial of his *coram nobis* application from New York's Court of Appeals establishes that any claims asserted in Petitioner's *coram nobis* application are also unexhausted for this independent reason. *See Figgins v. Conway*, No. 09-CV-0680, 2011 WL 2039573, *3 (W.D.N.Y. May 25, 2011) (noting that "[f]or a *coram nobis* application in New York to be fully exhausted, a petitioner must seek leave to appeal the denial of his application to the New York Court of Appeals") (citing CPL § 450.90(1)) (other citation omitted).

2011 WL 3298876, *8 (E.D.N.Y. Aug. 1, 2011) (citations omitted).  Moreover, "New York does not

otherwise permit collateral attacks on a conviction when the defendant unjustifiably failed to raise the

issue on direct appeal." *Aparicio*, 269 F.3d at 91 (citing CPL § 440.10(2)(c)); *see also Ludwigsen v.*

*Conway*, No. 09-CV-3524, 2011 WL 3423342, *3 n.2 (E.D.N.Y. Aug. 3, 2011) (citation omitted).

Petitioner, therefore, could not now properly argue, in another motion to vacate his conviction

pursuant to CPL § 440.10, the federal nature of his record-based claims alleging (1) a violation of his

*Brady* rights;[6] (2) that the indictment was defective; (3) a double jeopardy violation arising out of the

county court's determination that Petitioner violated the terms of his probation; and (4) his unexhausted

ineffective assistance claims.[7]  *See Aparicio*, 269 F.3d at 91; *Noakes v. Kaplan*, No. 10 CIV. 5141,

---

[6]  As noted above, Petitioner has not clearly articulated the basis of his *Brady* claim.  To the extent that such claim is *not* based on the record, he is nevertheless procedurally barred from asserting such a claim in a second CPL motion filed with the county court because CPL § 440.10(3) provides as follows

> 3. Notwithstanding the provisions of subdivision one, the court may deny a motion to vacate a judgment when:
>
> * * *
>
> (c) Upon a previous motion made pursuant to this section, the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so.

CPL § 440.10(3)(c).  Petitioner has wholly failed to demonstrate that he was not in a position to adequately raise the present *Brady* claim in his prior CPL motion.  Therefore, even if such claim is not based on the record, he is nevertheless procedurally barred from asserting such a claim in this action. *See Toland v. Walsh*, No. 9:04-CV-0773 (GLS), 2008 WL 65583, *7 (N.D.N.Y. Jan. 4, 2008) (deeming exhausted and procedurally defaulted habeas claims that the petitioner could have asserted in prior CPL motion); *see also Otero v. Eisenschmidt*, No. 01CIV.2562, 2004 WL 2504382, *35 (S.D.N.Y. Nov. 8, 2004).

[7]  The two ineffective assistance claims that are unexhausted plainly relate to matters contained in the record, *i.e.*, whether the use of certain evidence at trial was proper, and whether counsel should have objected to the fact that the initial police report did not allege that Petitioner had committed a predatory sexual assault.  Habeas petitioners may not properly assert record-based ineffective assistance claims in collateral challenges brought pursuant to CPL § 440.10.  *See McCormick v.*

(continued...)

10

2012 WL 718553, *12 n.19 (S.D.N.Y. Mar. 5, 2012); *McCormick*, 770 F. Supp. 2d at 563.  Therefore,

all of these claims are "deemed exhausted" for purposes of his habeas application.  *See St. Helen v.*

*Senkowski*, 374 F.3d 181, 183-84 (2d Cir. 2004); *Hall v. Bezio*, No. 9:10-CV-0837 (DNH), 2011 WL

3566845, *6 (N.D.N.Y. Aug. 12, 2011).  Although these claims are "deemed exhausted," they are also

procedurally defaulted.  *See Aparicio*, 269 F.3d at 90 (citing *Coleman v. Thompson*, 501 U.S. 722, 735

n.1 (1991)); *see also Moore v. Ercole*, No. 09-CV-1003, 2012 WL 407084, *7 (E.D.N.Y. Feb. 8, 2012)

(holding that unexhausted claims which the petitioner can no longer pursue in state court are "deemed

exhausted and procedurally defaulted").

### 2. Consequences of Failure to Exhaust

Federal courts may only consider the merits of procedurally defaulted claims where the

petitioner can establish both cause for the procedural default and resulting prejudice or, alternatively,

that a fundamental miscarriage of justice would occur absent federal court review of the claims.  *See*

*Acosta v. Artuz*, 575 F.3d 177, 184 (2d Cir. 2009) (citation omitted);  *Smith v. Fischer*, No. 07 CIV.

2966, 2012 WL 695432, *16 (S.D.N.Y. Mar. 5, 2012).

To establish legal "cause" which would enable this Court to consider his procedurally forfeited

---

[7](...continued)
*Morrisey*, 770 F. Supp. 2d 556, 563 (W.D.N.Y. 2011) (holding that the petitioner could not assert, through a CPL motion, an ineffective assistance of trial counsel claim that was "well established in the trial record") (citing *Sweet v. Bennett*, 353 F.3d 135, 140-41 (2d Cir. 2003)); *McCallie v. Poole*, No. 07-CV-0473, 2011 WL 1672063, *9 (W.D.N.Y. May 3, 2011) (finding record-based ineffective assistance claim to be unexhausted and procedurally defaulted); *Ortiz v. Heath*, No. 10-CV-1492, 2011 WL 1331509, *7 (E.D.N.Y. Apr. 6, 2011) (noting that "New York courts routinely deny 440 motions on ineffective assistance of counsel claims where the claim is grounded in the trial record but the defendant failed to raise the claim on direct appeal") (citation omitted).

claims, Petitioner must show that some objective, external factor impeded his ability to fully exhaust his claims.  *See Coleman*, 501 U.S. at 753; *Restrepo v. Kelly*, 178 F.3d 634, 638 (2d Cir. 1999). "Cause may be established by 'showing that the factual or legal basis for a claim was not reasonably available to counsel . . . or that 'some interference by officials' . . . made compliance impracticable . . . [or that] the procedural default is the result of ineffective assistance of counsel.'"  *McCallie*, 2011 WL 1672063, at *3 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

Nowhere in his petition or traverse does Petitioner argue – much less establish – that good cause exists which legally excuses his failure to exhaust the foregoing claims.[8]  Furthermore, after having reviewed the state court records, this Court cannot find any legal cause that excuses his failure to exhaust the above claims.  Since Petitioner has not demonstrated legal cause for his procedural defaults,[9] the Court need not consider whether he has suffered the requisite prejudice because federal habeas relief is unavailable unless the petitioner demonstrates *both* cause and prejudice for the procedural default.  *See Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985); *Collazo v. Lee*, No. 11 CIV. 1804, 2011 WL 6026301, *3 (E.D.N.Y. Dec. 2, 2011) (finding that because the petitioner "failed to show 'cause' for his procedural default, this Court does not need to determine whether he suffered prejudice because relief is unavailable unless both cause and prejudice have been established") (citation omitted); *Tillery v. Lempke*, No. 9:10-CV-1298 (GTS), 2011 WL 5975068, *4 (N.D.N.Y. Nov. 29, 2011).

The finding that Petitioner has failed to demonstrate cause for his procedurally defaulted claims

---

[8]  In his traverse, Petitioner asserts his belief that his claims "were exhausted to the highest level [in] the state" court system.  *See* Dkt. No. 16.

[9]  "The petitioner bears the burden of establishing cause for his procedural defaults and resulting prejudice."  *Delayo v. Carney*, No. 9:09-CV-1090 (GTS), 2010 WL 4962996, *7 n.10 (N.D.N.Y. Dec. 1, 2010).

does not necessarily preclude this Court from considering those grounds, however, because, as noted above, a federal court may nonetheless properly review such claims if it is convinced that the failure to consider them would amount to a fundamental miscarriage of justice. *See Acosta*, 575 F.3d at 184 (citation omitted). However, in discussing this limited exception to the rule prohibiting district courts from considering procedurally barred claims, the Second Circuit has noted that

> [t]he Supreme Court has explained that the fundamental miscarriage of justice exception is "extremely rare" and should be applied only in "the extraordinary cases." *Schlup v. Delo*, 513 U.S. 298, 321-22, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). "To establish actual innocence, [a] petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (citing *Schlup*, 513 U.S. 298, 327-28, 115 S. Ct. 851, 130 L. Ed. 2d 808 (some internal citation marks omitted)).

*Sweet*, 353 F.3d at 142.

In conjunction with this proceeding, relevant portions of the state court records have been reviewed. After having examined those records, this Court finds that the evidence of Petitioner's guilt adduced at trial was strong. In addition to the testimony of the victims, the DNA evidence presented by the prosecution established that the chances of Petitioner ***not*** being the donor of the sperm obtained from the victim was "one in 13.5 quadrillion"- - a figure that the county court suggested "encompasse[d] not only our solar system but any other solar system in the galaxy within about 300 light years." *See* Sentencing Tr. at 8. Petitioner has wholly failed to demonstrate that he is actually innocent of any of the crimes of which he was convicted. The Court, therefore, denies as procedurally forfeited Petitioner's second and third grounds for relief, as well as the two final theories he asserts in

support of his fourth ground alleging ineffective assistance of trial counsel.[10]

_____

[10] Alternatively, the Court finds that Petitioner's procedurally barred claims are also without substance.

As to the *Brady* claim he asserts in his second ground for relief, Petitioner has wholly failed to establish that the prosecution withheld material evidence from the defense. *See Cone v. Bell*, 556 U.S. 449, 469-70 (2009) (citing *Brady*, 373 U.S. at 87). Petitioner's counsel was plainly aware of the evidence presented to the grand jury, including any exculpatory DNA evidence. Petitioner therefore cannot establish that any evidence material to his guilt was "suppressed" by the prosecution, because "as long as a defendant possesses *Brady* evidence in time for its effective use, the government has not deprived the defendant of due process of law simply because it did not produce the evidence sooner." *Torres v. Bradt*, No. 10 CIV. 8108, 2012 WL 3242271, *10 (S.D.N.Y. July 10, 2012) (internal quotation marks and citation omitted). Therefore, he cannot prevail on his *Brady* claim. *See Moss v. Phillips*, No. 9:03-CV-1496 (LEK), 2008 WL 2080553, *8 (N.D.N.Y. May 15, 2008) (denying *Brady* claim where the petitioner failed to demonstrate that exculpatory evidence was suppressed by the prosecution).

With respect to Petitioner's challenges regarding the propriety of the indictment, including Petitioner's claims regarding the date contained in that instrument vis-à-vis the police reports, the Court notes that the initial police report indicates that the attack occurred on "09/16/06," SCR at A61, and the second such report declares that the incident "occurred Saturday night to Sunday morning. September 16th-17th, 2006." SCR at A31. The indictment alleges that Petitioner engaged in the conduct charged therein "*on or about* the 16th day of September, 2006." *See* Indictment, Counts One through Nine (emphasis added). Since the dates of Petitioner's alleged conduct referenced in the indictment were plainly consistent with the dates contained in the police reports, Petitioner is not entitled to habeas relief on his theory that the date of the attack mentioned in the police reports impermissibly varied from the date referenced in the indictment. Additionally, the fact that the initial police report may have contained fewer charges than were ultimately returned against Petitioner by the grand jury is of no moment; in returning charges against a defendant, the grand jury may consider "any available evidence concerning an offense prosecutable in the courts of the county." *See* CPL § 190.55(2)(c); *see, e.g., People v. Wilkins*, 194 A.D.2d 638, 639 (2d Dep't 1993) (observing that a grand jury is not limited to only considering the charges contained in a felony complaint). Furthermore, any alleged deficiencies concerning the grand jury proceedings, including the evidence presented to that body and any issues regarding the grand jury minutes, would not entitle Petitioner to habeas relief because it is settled jurisprudence that any errors before the *grand* jury are cured by the petitioner's subsequent conviction on the charges contained in the indictment. *See DeDeo v. Brown*, No. 9:09-CV-0946 (TJM), 2010 WL 4553436, *12 (N.D.N.Y. Nov. 3, 2010) (citation omitted).

In considering Petitioner's claim alleging a violation of his double jeopardy rights, the trial court noted that after Petitioner was convicted of the crimes discussed more fully above, a declaration of delinquency was re-filed against Petitioner which alleged that he had violated the terms of his probation. *See* Delinquency Tr. at 3. Nothing before this Court suggests that the refiling of those

(continued...)

14

**B.      Remaining Claims Asserted in Petition**

*1. Standard of Review*

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court

may grant habeas corpus relief with respect to a claim adjudicated on the merits in state court only if,

based upon the record before the state court, the adjudication of the claim (1) was contrary to, or

---

[10](...continued)
charges after Petitioner was found guilty by a jury of the above crimes amounted to a violation of Petitioner's double jeopardy rights, or was improper in any way.  Indeed, the trial court specifically advised Petitioner prior to his trial that if he was convicted by a jury on any of the charges in the indictment, the probation department would likely

> file a new allegation showing that a jury of your peers found you guilty
> of this offense which would be the sole allegation in the new violation of
> probation.  And then if you denied it, I would have a hearing on it.  And
> if you were found to have violated probation by a conviction in this case,
> you would be sentenced, and the sentence could range up to seven years,
> and it could run consecutively.

*See* Transcript of Suppression Hearing (1/29/07) ("Suppression Tr.") at 36; *see also* Trial Tr. at 3, 5 (court advising Petitioner that if jury ultimately found him guilty of charges contained in the indictment, "another [probation] violation [would] be filed" against him and he could be sentenced to a consecutive term of up to "two and one-third to seven" years imprisonment if he was found to have violated the terms of his probation).

Furthermore, Petitioner has failed to demonstrate that his trial counsel rendered ineffective assistance with respect to his unexhausted ineffective assistance claims.  As to Petitioner's claim that his trial counsel improperly failed to object to the fact that, "under rape kit statutes," the evidence implicating Petitioner was inadmissible because that evidence was taken from the victim more than thirty-six hours after she was assaulted by Petitioner, Pet., Ground Four, Petitioner points to no statute or case authority that supports such a claim, and this Court is aware of no such legal authority.  He has, therefore, failed to demonstrate that his trial counsel rendered ineffective assistance by failing to raise such an objection at trial.  Additionally, the fact that "lesser charges" may have appeared in the initial police report would not have formed any legal basis for counsel to lodge any objection regarding the charges returned against Petitioner in the indictment because Petitioner was not criminally tried on the statements contained in a police report but rather on the charges brought in the indictment.  It was therefore not objectively unreasonable for counsel to refrain from arguing that Petitioner was wrongfully charged with crimes not referenced in the police report.

involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in state court. *See Cullen v. Pinholster*, ___U.S. ___, 131 S. Ct. 1388, 1398 (2011) (citing 28 U.S.C. §§ 2254(d)(1), (2)); *Premo v. Moore*, ___U.S. ___, 131 S. Ct. 733, 739 (2011); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).  The "AEDPA 'imposes a highly deferential standard for evaluating state-court rulings' and 'demands that state-court decisions be given the benefit of the doubt.'" *Felkner v. Jackson*, ___U.S. ___, 131 S. Ct. 1305, 1307 (2011) (quoting *Renico v. Lett*, ___U.S. ___, 130 S. Ct. 1855, 1862 (2010)).  Federal habeas courts must presume that the state courts' factual findings are correct unless a petitioner rebuts that presumption with "'clear and convincing evidence.'" *Schriro*, 550 U.S. at 473-74 (quoting 28 U.S.C. § 2254(e)(1)).  "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Schriro*, 550 U.S. at 473 (citation omitted).

### 2. Substantive Review of Remaining Claims

#### a. Ground One

In his initial ground for relief, Petitioner argues that his conviction was obtained by the use of evidence secured through an unconstitutional search and seizure.  *See* Pet., Ground One.  In support of this claim, Petitioner contends that the owner of the building, in which law enforcement agents conducted their search of Petitioner's apartment, agrees  with Petitioner's claim that the search of his apartment was improper.  *Id.*  Petitioner further asserts that the search warrant application "was totally unconstitutional" because, among other things, it was not accompanied by a supporting affidavit.  *Id.* at

7.

"If a petitioner had a full and fair opportunity to litigate his or her Fourth Amendment claim in the state courts . . . the court's denial of the claim is a conclusive determination that the claim will never present a valid basis for federal habeas relief." *Haynes v. Ercole*, No. 07 CV 3723, 2012 WL 1339434, *3 (E.D.N.Y. Apr. 17, 2012) (internal quotation marks and citation omitted); *see also Quinney v. Conway*, 784 F. Supp. 2d 247, 263 (W.D.N.Y. 2011); *Stone v. Powell*, 428 U.S. 465 (1976).[11] Thus, where an individual has the opportunity to assert a Fourth Amendment violation in state courts, he may only obtain federal habeas relief on such a claim if he establishes that he was precluded from pursuing such claim in the state courts "'because of an unconscionable breakdown in the underlying process.'" *Haynes*, 2012 WL 1339434, at *3 (quoting *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992)). A petitioner establishes that such an "unconscionable breakdown" has occurred when he demonstrates that "the state court failed to conduct a reasoned method of inquiry into relevant questions of fact and law." *Small v. Artus*, No. CV-07-1117, 2009 WL 2707319, *13 (E.D.N.Y. Aug. 20, 2009) (internal quotation marks and citation omitted).

In the present matter, Petitioner challenged the propriety of the search conducted by the police pursuant to the warrant; however, after considering defense counsel's suppression motion, the trial court concluded that it did not "find anything wrong with the [search warrant] application. It's very well supported by the affidavit that was attached to it. So that's going to stand, as will the evidence

---

[11] In *Stone*, the Supreme Court determined that, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 494 (footnotes omitted).

that was discovered as a result of the execution of that warrant." *See* Suppression Tr. at 2-3.[12]

Petitioner has presented no evidence that demonstrates that the state court failed to conduct a reasoned method of inquiry into the relevant questions of fact and law in arriving at its decision to deny his suppression application. Therefore, his initial ground for relief is denied. *See Haynes*, 2012 WL 1339434, at *3; *Quinney*, 784 F. Supp. 2d at 263; *Small*, 2009 WL 2707319, at *13; *see generally Capellan*, 975 F.2d at 70.

### b. Ground Four[13]

In his final claim, Petitioner argues that he received the ineffective assistance of trial counsel. *See* Pet., Ground Four.

The Sixth Amendment to the United States Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const., Amend. VI. To establish a violation of this right to the effective assistance of counsel, a habeas petitioner must show both (1) that counsel's representation fell below an objective standard of reasonableness, measured in the light of the prevailing professional norms; and (2) resulting prejudice- - that is, a reasonable probability that, but for counsel's unprofessional performance, the outcome of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 688-90, 694 (1984). As the Supreme Court noted in *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770 (2011),

---

[12] The county court's finding that the search warrant application was properly supported by an affidavit establishes that Petitioner's contention that no such affidavit accompanied that application, is without substance.

[13] As is discussed more fully above, Petitioner's second and third grounds for relief are unexhausted and procedurally defaulted.

[t]o establish deficient performance, a person challenging a conviction must show that 'counsel's representation fell below an objective standard of reasonableness.' [*Strickland v. Washington*,] 466 U.S. [668] at 688, 104 S. Ct. 2052 [(1984)]. A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance. *Id.*, at 689, 104 S. Ct. 2052. The challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.' *Id.*, at 687, 104 S. Ct. 2052.

With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.,* at 694, 104 S. Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.*, at 693, 104 S. Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*, at 687, 104 S. Ct. 2052.

*Harrington*, 131 S. Ct. at 787-88.

This Court will now address Petitioner's claims alleging ineffective assistance that are not procedurally defaulted.

Petitioner initially claims that his attorney wrongfully failed to move for a mistrial when Petitioner was "remove[d] from the courtroom for no reason." *See* Pet., Ground Four. The record reveals that after the jury was excused during a portion of the trial, the prosecutor noted that Petitioner was no longer in the courtroom. *See* Trial Tr. at 340. Soon thereafter, Petitioner returned to the courtroom (*id.* at 341), and the prosecutor then inquired as to whether defense counsel would stipulate as to the chain of custody concerning the "rape kit." *Id.* The record, therefore, establishes that Petitioner was only absent from the courtroom for a relatively brief period of time, and, further, that he

was not absent from any material stage of the criminal matter.[14]  Petitioner has failed to demonstrate that counsel's failure to move for a mistrial based upon Petitioner's brief absence from the courtroom was objectively unreasonable, or that Petitioner was prejudiced by counsel's failure to file such an application.

Petitioner next argues that his attorney wrongfully failed to object to "false evidence" presented at trial.  *See* Pet., Ground Four (citing Trial Tr. at 388).  However, the only "proof" Petitioner has presented in support of this claim appears to be based on the fact that certain evidence was marked for identification by the prosecution but never admitted at trial.  *See id.*; Trial Tr. at 388.  The mere fact that the prosecution did not move to admit into evidence all exhibits and/or evidence that were marked for identification at trial in no way suggests – much less establishes – that any of such material was "false" in any way.  Petitioner has wholly failed to demonstrate that counsel acted in an objectively unreasonable manner by failing to lodge an objection regarding the prosecutor's failure to admit into evidence all exhibits and/or evidence that had been marked for identification for possible use at  trial.

Finally, Petitioner argues that his counsel rendered ineffective assistance because he failed to move to dismiss the indictment on the grounds that it was "facially defective," it contained no seal or date, and it was not "certified."  *See* Pet., Ground Four.  However, that instrument was signed by the jury foreman underneath the portion of that instrument which indicated that the indictment was "a True Bill," and it was date-stamped by the clerk when it was filed with the county court.  *See* Indictment. Nothing before this Court suggests that such instrument is defective in any way.  Although this Court is unable to ascertain whether a seal was placed on that accusatory instrument, Petitioner has pointed

---

[14]  A criminal defendant has "the 'right to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings.'"  *Tennessee v. Lane*, 541 U.S. 509, 523 (2004) (quoting *Faretta v. California*, 422 U.S. 806, 819 n.15 (1975)).

to no authority, and this Court is aware of none, which suggests that an indictment that is otherwise valid is fatally defective because it does not contain a seal or it lacks a "certification." Petitioner has therefore failed to establish that his trial counsel rendered ineffective assistance by failing to lodge this objection in the related criminal matter.

Since Petitioner has not demonstrated that the county court's decision denying his ineffective assistance claim is either contrary to, or represents an unreasonable application of *Strickland* and its progeny, he is not entitled to habeas relief on any of his theories alleging ineffective assistance.

**C.    Additional Claims Asserted in Traverse**

In his traverse, in addition to reasserting his belief that he is entitled to habeas intervention based upon the claims he raised in his petition, Petitioner also asserts several grounds not raised by him in his initial pleading. Specifically, Petitioner argues for the first time that his convictions should be set aside because, among other things, (1) hearsay and perjurious testimony was wrongfully heard by the grand jury, and that the accusatory instrument was not timely returned by that body; (2) the prosecution failed to establish the age of the victims beyond a reasonable doubt; (3) various witnesses committed perjury at Petitioner's trial, and the testimony of certain witnesses was not credible; (4) the "chain of custody" – apparently as to the evidence contained in the "rape kit" – was "broken;" (5) the charge of predatory sexual assault against a child was an "overcharge;" (6) the trial court wrongfully denied Petitioner's CPL motion without a hearing, and improperly denied Petitioner's request for counsel for that proceeding; (7) "false DNA" evidence was presented at trial, and other DNA tests performed on the crime scene evidence "excluded the petitioner from this case;" and (8) various rulings made by the county court during the course of Petitioner's trial were prejudicial to his trial

strategy.  *See* Dkt. No. 16.

The above claims must be denied because these arguments may not be properly asserted for the first time in Petitioner's traverse and they are substantively without merit.

Initially, this Court notes that it may not properly consider claims raised by a petitioner for the first time in his traverse.  As the Court noted in *Jacobs v. West*, No. 03-CV-6586, 2009 WL 2378673 (W.D.N.Y. Aug. 3, 2009),

> Rule 2(c) of the Rules Governing Section 2254 Cases in the United
> States District Courts provides, in relevant part, that "[t]he petition must .
> . . specify all grounds for relief available to the petitioner."  *See* Rule
> 2(c)(1) of the Rules Governing Section 2254 Cases in the United States
> District Courts.  "In light of this Rule, it has been recognized that a
> traverse is not the proper pleading in which to raise additional grounds
> for habeas relief."  *Parker v. Duncan*, [No. 9:03-CV-0759 (LEK/RFT),]
> 2007 WL 2071745, at *6 (N.D.N.Y. July 17, 2007) (citing *Haupt v.
> Moore*, 2005 WL 1518265, at *2 n. 3 (E.D. Mo. June 24, 2005)) (quoting
> *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994)).  District
> courts have held that habeas claims that are raised for the first time in a
> traverse cannot be properly considered for review.  *See Jones v. Artus*,
> 615 F. Supp. 2d 77, 85 (W.D.N.Y. 2009).

*Jacobs*, 2009 WL 2378673, at *4.

Even liberally construing Petitioner's *pro se* petition, that pleading did not assert any of the claims referenced above.  Therefore, because they were raised for the first time in Petitioner's traverse, they are not properly before this Court and are denied on this basis.  *See id.*

Moreover, all of these claims are also substantively without merit. As noted above, any defects before the grand jury were necessarily cured by Petitioner's conviction following his jury trial. Therefore, Petitioner's claims that hearsay and/or perjurious testimony was introduced at the grand jury proceedings, or that the indictment was not timely returned, do not afford this Court a basis upon which it may grant Petitioner's request for federal habeas intervention.  *See DeDeo*, 2010 WL

4553436, at *12 (citation omitted).

Next, any claim that the prosecution failed to establish the age of the victims beyond a reasonable doubt is belied by the record; both M.P. and K.T. testified as to their respective ages.  *See* Trial Tr. at 205-06, 241.  That testimony clearly supported the charges brought against Petitioner that were dependent on the age of the victims, including the predatory sexual assault against a child charge.[15]

As to Petitioner's claims that (a) various witnesses committed perjury at his trial; (b) "false DNA" evidence was presented at trial; and (c) DNA tests performed on evidence exonerated Petitioner, *see* Traverse at 2-5, the Court notes that habeas petitioners bear the burden of proving their claims.  *See, e.g.*, *Georgison v. Donelli*, 588 F.3d 145, 154 (2d Cir. 2009) (holding that "[i]t is the petitioner's burden to demonstrate that the state court applied the relevant clearly established law . . . in an objectively unreasonable manner") (internal quotation marks and citations omitted).  Since the above theories are merely supported by Petitioner's self-serving claims, he has failed to carry his burden of proof as to these theories.  *See, e.g.*, *Smith v. McGinnis*, No. 02 CIV. 1185, 2003 WL 21488090, *4 (S.D.N.Y. June 25, 2003) (holding that "in most circumstances a convicted felon's self-serving testimony is not likely to be credible") (internal quotation marks and citation omitted).

---

[15]  The first count in the indictment charged Petitioner with predatory sexual assault against a child.  *See* Indictment, Count One.  That statute provides that

> [a] person is guilty of predatory sexual assault against a child when, being eighteen years old or more, he or she commits the crime of rape in the first degree, criminal sexual act in the first degree, aggravated sexual abuse in the first degree, or course of sexual conduct against a child in the first degree, as defined in this article, and the victim is less than thirteen years old.

N.Y. Penal Law § 130.96.

23

Considering next Petitioner's claim challenging the credibility of witnesses who testified against him at trial, such a claim does not afford him a basis for federal habeas relief because, "[o]n habeas review, the court must defer to the jury's assessments" concerning the credibility of witnesses. *Jones*, 615 F. Supp. 2d at 86 (citing *Maldonado v. Scully*, 86 F.3d 32, 35 (2d Cir. 1996)); *see also Daily v. New York*, 388 F. Supp. 2d 238, 248 (S.D.N.Y. 2005) (holding that where "there is evidence from which the jury could have drawn an inference favorable to the accused but chose not to, the court must defer to . . . the jury's choice of the competing inferences") (internal quotation marks and citations omitted).

With respect to Petitioner's claim that there was a break in the chain of custody concerning evidence presented at trial, such a claim "bear[s] . . . only [upon] the weight of the evidence," and, once admitted into evidence, any such claimed defects "were for the jury to evaluate in its consideration of the weight to be given to the evidence." *Lanza v. Lewin*, No. 9:04-CV-0678 (LEK), 2008 WL 4104454, *12 (N.D.N.Y. Sept. 3, 2008) (internal quotation marks and citations omitted).

Petitioner's arguments that the county court wrongfully denied his CPL motion without a hearing, and failed to appoint counsel on his behalf for that matter as required by the CPL, do not entitle him to habeas relief because "alleged violations of state procedural laws do not give rise to federal grounds for habeas relief." *Williamson v. Smith*, No. 9:06-CV-0116 (GLS), 2009 WL 466626, *11 (N.D.N.Y. Feb. 24, 2009).

Finally, although Petitioner now argues that various rulings made by the county court during the course of the criminal matter were prejudicial to his defense, significant by its omission is proof that any of those unspecified rulings were erroneous in any way, or that such rulings otherwise deprived Petitioner of any of his constitutional rights. Therefore, he is not entitled to federal habeas intervention based upon his claim that certain of the county court's unspecified rulings were prejudicial to his

defense.

**D.      Certificate of Appealability**

28 U.S.C. § 2253(c) provides, in relevant part, as follows: "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]"  28 U.S.C. § 2253(c)(1)(A).[16]  A Certificate of Appealability may be issued only "if the applicant has made a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).

Since Petitioner has failed to make such a showing herein, the Court declines to issue any Certificate of Appealability in this matter.

**IV. CONCLUSION**

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Petitioner's petition (Dkt. No. 1) is **<u>DENIED</u>** and **<u>DISMISSED</u>** in its entirety; and the Court further

**ORDERS** that no Certificate of Appealability shall issue because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c); and the

---

[16]  Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  Fed. R. App. P. 22(b).

Court further

      **ORDERS** that the Clerk of the Court shall enter judgment in Respondent's favor and close this

case; and the Court further

      **ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and

Order on the parties.

**IT IS SO ORDERED.**

Dated: October 1, 2012
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

26